1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JACK A. COOPER,

11          Plaintiff,              No. 2:10-cv-02064 JAM KJN PS

12      v.

13   JACK R. WELSH,

14          Defendant.          FINDINGS AND RECOMMENDATIONS

15   _____/

16          Presently before the court is defendant's motion to dismiss plaintiff's complaint

17   pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (Dkt. No. 5.)  The court heard this matter

18   on its law and motion calendar on September 30, 2010.  Assistant United States Attorney Bobbie

19   J. Montoya appeared on behalf of defendant.  Plaintiff, who is proceeding without counsel,

20   appeared on his own behalf.

21          Plaintiff previously filed a document entitled "Response to defendants [*sic*]

22   motion for dismissal" that the undersigned construes as a statement of non-opposition to

23   defendant's motion to dismiss.  (Dkt. No. 6.)  Although plaintiff has no objection to the dismissal

24   _____

25          [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

26

1

1  of his claims without prejudice, the undersigned will, as discussed below, recommend that

2  defendant's motion be granted and that plaintiff's claims against defendant be dismissed with

3  prejudice.

4  I.      BACKGROUND

5          On August 4, 2010, plaintiff filed his complaint, which states, in its entirety:

6          While working for Tracy Defense Depot in Tracy California, Mr. Welsh as
           immediate Supervisor, with malicious intent, created a Hostile work
7          environment, Conspired with others to violate plaintiff's civil rights law.
           Title.18 USC, SECTION 241 Conspiring against Civil Rights.

8          RELIEF--Three Hundred and forty two thousand dollars. ($ 342000.00)

9

10 (Compl. at1, Dkt. No. 1.)

11         On August 24, 2010, defendant filed his motion to dismiss plaintiff's complaint.

12 Although defendant contends that plaintiff has not yet sufficiently served the Federal government

13 pursuant to Federal Rule of Civil Procedure 4(i) (see Def.'s Mot. to Dismiss at 5-6; Bain Decl.

14 ¶¶ 4-5), he moves to dismiss the complaint pursuant to Rule 12(b)(6) on two other grounds.

15 First, defendant contends that plaintiff's hostile work environment claim should be dismissed

16 with prejudice as to him because the Secretary of Defense, and not defendant, is the only proper

17 defendant with respect to such a claim.  Second, defendant argues that plaintiff's complaint

18 should be dismissed with prejudice to the extent it attempts to seek civil damages for a claim of a

19 violation of 18 U.S.C. § 241, which is a criminal conspiracy statute.

20         Plaintiff subsequently filed a two-page "Response to defendants [*sic*] motion for

21 dismissal" ("Response").  In his Response, plaintiff states the following: "At this time, I wish to

22 wave [*sic*] my rights to civil action without prejudice against Mr. Jack R. Welsh."  (Pl.'s

23 Response at 1.)  Plaintiff's Response also includes a request for a referral for the criminal

24 investigation and prosecution of defendant and another alleged co-conspirator who is not named

25 as a defendant here.  Plaintiff's request states, in part:

26         With the permission of the courts, I wish to appeal to the courts and have

2

1
2
3

          my Complaint submitted to the U.S. District Attorney's Office and the
Federal Grand Jury for an investigation and confinement in Federal prison
on Criminal Racketeering, RICO Act of 1970, Conspired while employed
civil service, within the Department of Defense, Federal Reservation
(Tracy Defense Depot) Tracy California.

4  (Id.)  Plaintiff's Response further elaborates on the findings of his "preliminary investigation"

5  into the alleged underlying criminal violations.  (Id. at 1-2.)

6          In his reply brief, defendant states that he construes plaintiff's Response as a

7  statement of non-opposition to the motion to dismiss.  (Def.'s Reply Br. at 1, Dkt. No. 7.)  He

8  contends, however, that plaintiff's complaint should be dismissed with prejudice for the reasons

9  stated in his motion to dismiss.  Defendant also argues that to the extent plaintiff is seeking

10  mandamus relief with respect to plaintiff's request for an investigatory referral to the "U.S.

11  District Attorney's Office and the Federal Grand Jury," relief in the form of an order compelling

12  an investigation or prosecution is not available.

13          In regards to plaintiff's request for referral for investigation or prosecution,

14  defendant requests that the court take judicial notice of a previous lawsuit filed by plaintiff

15  against United States Senator Barbara Boxer and FBI Agent Drew Parenti, Cooper v. Boxer, et

16  al., No. 2:10-cv-00251 JAM GGH PS (E.D. Cal.), in which plaintiff sought, and was denied,

17  relief in the form of a referral for investigation and temporary protection for his family.  (Reply

18  Br. at 2-3 & n.1; see also Exs. A-C to Reply Br.)  Although not necessarily dispositive of the

19  issues presently before the court, the court will grant defendant's request for judicial notice of its

20  own court files.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.

21  2006) ("We may take judicial notice of court filings and other matters of public record."); Shaw

22  v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) ("In deciding whether to dismiss a claim under

23  Fed.R.Civ.P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public

24  record.").

25  II.  LEGAL STANDARDS

26          A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

1   challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

2   Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

3   of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

4   plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

5   also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a

6   motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts

7   to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d

8   1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim

9   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

10   reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v.

11   Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at

12   1949).

13         The court accepts all of the facts alleged in the complaint as true and construes

14   them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th

15   Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are

16   contradicted by documents referred to in the complaint, and [the court does] not necessarily

17   assume the truth of legal conclusions merely because they are cast in the form of factual

18   allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must

19   construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a

20   plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it

21   appears at all possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d

22   1122, 1130-31 (9th Cir. 2000) (en banc).  In ruling on a motion to dismiss pursuant to Rule

23   12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits

24   attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media

25   Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks

26   omitted).

III.     DISCUSSION

At the outset, the undersigned comments on the Response filed by plaintiff, which states: "At this time, I wish to wave [*sic*] my rights to civil action without prejudice against Mr. Jack R. Welsh." (Pl.'s Response at 1.)  As written, this statement is ambiguous with respect to the nature of plaintiff's "waiver."  Specifically, it was initially unclear whether plaintiff intended this statement to constitute a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), or a statement of non-opposition pursuant to Eastern District Local Rule 230(c).  At the hearing on defendant's motion to dismiss, plaintiff clarified that he does not oppose defendant's motion to dismiss his complaint.  Accordingly, the undersigned construes this statement in plaintiff's Response as a statement of non-opposition to defendant's motion to dismiss.  However, as discussed below, the undersigned will recommend the dismissal of plaintiff's claims with prejudice.

A.     Plaintiff's Hostile Work Environment Claim

Defendant seeks dismissal of plaintiff's hostile work environment claim with prejudice as to him on the grounds that he is not the proper defendant with respect to such a claim.  Defendant asserts that the Secretary of Defense is the only proper defendant with respect to plaintiff's hostile work environment claim.

Coverage of Title VII of the Civil Rights Act of 1964 is extended to reach federal employees through 42 U.S.C. § 2000e-16, which provides that "all personnel actions affecting federal employees and applicants for federal employment shall be made free from any discrimination based on race, color, religion, sex, or national origin."  Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-30 (1976) (citation and quotation marks omitted).  "Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'"  Vinieratos v. United States, Dep't of Air Force, 939 F.2d 762, 772 (9th Cir. 1991) (quoting 42 U.S.C. § 2000e-16(c)); accord White v. Gen. Servs. Admin., 652 F.2d 913, 916 n.4 (9th Cir. 1981).

1    Here, the Secretary of Defense is the proper defendant with respect to plaintiff's

2  Title VII hostile work environment claim, and plaintiff has not named the Secretary of Defense

3  as a defendant.  Plaintiff has only named his immediate supervisor, Mr. Welsh, as a defendant.

4  Accordingly, the undersigned will recommend that plaintiff's hostile work environment claim be

5  dismissed with prejudice as to defendant because he is not the proper defendant.  Additionally, to

6  the extent that defendant has been named in his individual capacity, plaintiff's claims, which

7  seek only monetary relief, should be dismissed for the additional reason that individual

8  defendants cannot be held liable for monetary damages under Title VII.  See Miller v. Maxwell's

9  Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993); see also Walsh v. Nev. Dep't of Human Resources,

10  471 F.3d 1033, 1037 (9th Cir. 2006) ("The circuit has ruled that individuals may not be sued for

11  damages under . . . Title VII of the Civil Rights Act of 1964 . . . .").

12    Accordingly, the undersigned will recommend that plaintiff's hostile work

13  environment claim be dismissed with prejudice as to defendant Jack R. Welsh.  However, the

14  undersigned notes that these proposed findings and recommendations do not resolve the merits of

15  plaintiff's hostile work environment claim.  They simply reflect that plaintiff has not sued the

16  proper defendant.

17    B.    Plaintiff's Claim Brought Pursuant to 18 U.S.C. § 241

18    Defendant also moves to dismiss with prejudice plaintiff's claim of a criminal

19  conspiracy to violate his civil rights, which plaintiff brought pursuant to 18 U.S.C. § 241

20  ("Section 241").  Defendant correctly argues that Section 241 is a criminal statute that does not

21  provide a person with a private right of action to pursue a claim for civil liability.

22    Generally, Section 241 criminalizes conspiracies to deprive persons of the free

23  exercise of rights or privileges secured by the United States Constitution or Federal law.  See 18

24  U.S.C. § 241.  It provides for the impositions of fines, imprisonment, and in certain cases, the

25  death penalty.  Id.  However, as the Ninth Circuit Court of Appeals has held, Section 241 does

26  not provide a basis for civil liability.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048

(9th Cir. 2006) (affirming dismissal of a claim brought by an individual for violation of 18

U.S.C. § 241), cert. denied, 549 U.S. 1231 (2007); accord Aldabe v. Aldabe, 616 F.2d 1089,

1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241 and 242 "provide no basis for civil

liability").

Here, plaintiff seeks civil monetary damages against defendant for violation of

18 U.S.C. § 241.  Plaintiff may not seek such relief pursuant to Section 241.  Accordingly, the

undersigned will recommend that plaintiff's Section 241 claim be dismissed with prejudice.

C.    Plaintiff's Request For A Criminal Investigation or Prosecution

Finally, plaintiff's Response requests permission to submit his claims to the "U.S.

District Attorney's Office and the Federal Grand Jury" for a criminal investigation and

prosecution.  (Response at 1.)  Plaintiff does not cite a basis for the court's authority to make or

authorize such a referral or to compel an investigation or prosecution.  Defendant opposes

plaintiff's request on several grounds, including that the courts do not have authority to grant this

form of relief.

As an initial matter, defendant argues that once defendant is dismissed, there will

be no defendant left in this action against whom relief may be granted.  This is true, and would

render impracticable any attempt to commence a criminal investigation or prosecution in the

context of this case.

Substantively, defendant argues that this court lacks the authority to institute or

supervise a criminal investigation or prosecution.  The Ninth Circuit Court of Appeals has stated

that "the investigation of crime is primarily an executive function."  Jett v. Castaneda, 578 F.2d

842, 845 (9th Cir. 1978); see also United States v. Batchelder, 442 U.S. 114, 124 (1979)

("Whether to prosecute and what charge to file or bring before a grand jury are decisions that

generally rest in the prosecutor's discretion.").  In Jett, the Court of Appeals further stated that

"[w]ithout an indictment or other charge bringing a defendant before the court, or in the absence

of a pending grand jury investigation, a district court has no general supervisory jurisdiction over

1    the course of executive investigations." 578 F.2d at 845.  Under the facts of this civil action, the

2    undersigned may not, and will not refer this matter for a criminal investigation or prosecution as

3    requested.  See Smith v. Powers, No. C 98-1832 CAL(PR), 1998 WL 35518, at *1 (N.D. Cal.

4    June 18, 1998) (unpublished) (denying in the context of a civil action plaintiff's request to

5    compel the criminal prosecution of the defendant).[2]

6              Defendant also notes that this court previously denied plaintiff's request for the

7    commencement of a criminal investigation in Cooper v. Boxer, No. 2:10-cv-00251 JAM GGH

8    PS.  (See Def.'s Reply Br., Exs. A & B.)  Although this is true, the denial of plaintiff's previous

9    request for an investigation in another case has no preclusive effect on this proceeding, and

10   defendant has not argued as much.  Thus, the earlier Cooper decision is not dispositive here.

11   IV.   CONCLUSION

12             For the reasons stated above, IT IS HEREBY RECOMMENDED that:

13             1.     Defendant's motion to dismiss (Dkt. No. 5) be granted.

14             2.     Plaintiff's hostile work environment claim be dismissed with prejudice as

15   to defendant Jack R. Welsh, and that plaintiff's claim brought pursuant to 18 U.S.C. § 241 be

16   dismissed with prejudice.

17             3.     Plaintiff's request for a referral of certain matters for criminal

18   investigation and/or prosecution be denied.

19             4.     The Clerk of Court be directed to close this case and vacate all future dates

20   in this action.

21             These findings and recommendations are submitted to the United States District

22

23   _____
     [2]  Other out-of-circuit decisions are in accord.  See Powell v. Katzenberg, 359 F.2d 234,
24   234 (D.C. Cir. 1965) (per curiam) ("It is well settled that the question of whether and when
     prosecution is to be instituted is within the discretion of the Attorney General.  Mandamus will
25   not lie to control the exercise of this discretion."); White v. City of Toledo, 217 F. Supp. 2d 838,
     841 (N.D. Ohio 2002) (stating that "the law is . . . clear that there is no constitutional, statutory,
26   or common law right that a private citizen has to require a public official to investigate or
     prosecute a crime")  (citation and quotation marks omitted ).

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

   IT IS SO RECOMMENDED.

DATED:  September 30, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE